## Case No. 1,996.

### BROWN v. BURROWS.

[2 Blatchf. 340.] [1]

Circuit Court, S. D. New York. Oct. 15, 1851.

PRACTICE IN ADMIRALTY—STIPULATION — LIABILITY OF SURETY.

A surety in a stipulation given on the release from attachment of the property of a respondent in a suit in admiralty in personam, in the district court, cannot, where the stipulation is in a sum certain, be compelled, as surety, to pay more than that sum, although the stipulation is conditioned to pay such sum as shall be awarded to the libellant by the final decree in the suit.

[Cited in The Wanata, 95 U. S. 600.]

[See Swanson v. Ball, Case No. 13,676a; Jaycox v. Chapman, Id. 7,243; The William H. Webb. 14 Wall. (81 U. S.) 406; The Ann Caroline, 2 Wall. (69 U. S.) 538.]

In admiralty. This was a motion by a surety in a stipulation to cancel the stipulation. The stipulation was given on a release of the [property of Silas E. Burrows,] respondent, from attachment, in a suit in admiralty in personam, commenced in the district court and appealed to this court. The stipulation was in the sum of $900, and was conditioned to pay such sum as should be awarded to the libellant [John Brown] by the final decree in the suit. The final decree was for a sum exceeding $900. The surety had paid the $900 to the libellant. The libellant insisted that, by the 4th rule of the rules in admiralty, prescribed by the supreme court of the United States, in December term, 1844, the surety was bound to satisfy the whole amount of the decree.

Before NELSON, Circuit Justice, and BETTS, District Judge.

THE COURT held, that the obligation of the surety was limited to the sum of $900 named in the stipulation, and that, as surety, he could not be compelled to pay more than that amount. Motion granted.